FILED
SUPERIOR COURT
OF GUAM

2019 OCT -3 PM 2:05

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

ROSAVELT MARIE BORJA )        Domestic Case No. DM0130-10
                      )
Plaintiff,            )
                      )        **DECISION AND ORDER**
vs.                   )
                      )
JOHN SABLAN BORJA     )
                      )
Defendant.            )
_____)

## INTRODUCTION

This matter is before the Honorable Michael J. Bordallo upon Plaintiff Rosavelt Marie Borja's ("Rosavelt") Motion to Establish Holiday Visitation, to Obtain Minor Child's Passport, and Modification of Custody. Attorney Daniel S. Somerfleck, Esq. represents Rosavelt. Attorney Anthony C. Perez represents Defendant John Sablan Borja ("John").

## BACKGROUND

On April 26, 2019, Rosavelt filed her Motion to Establish Holiday Visitation, to Obtain Minor Child's Passport, and Modification of Custody. The matter was formally taken under advisement on July 17, 2019. On July 24, 2019, John filed an Opposition. John justified the untimeliness of the Opposition by stating that the parties had been discussing resolution of this motion, and that such negotiations broke down on July 23, 2019, after which he filed his Opposition the next day. Rosavelt did not file a brief in reply to John's Opposition.

## FACTS

1. The parties were married on July 4, 2007, and as a result of their relationship have one (1) minor child, a daughter named C.R.Y.B. (DOB 06/05/2008).

2. The parties were divorced on October 13, 2011.

3. The Interlocutory Judgment of Divorce provides the following custody provision:

> 3. That the parties shall have joint legal and physical custody of their minor child, [C.R.Y.B].
> 4. The Parties shall maintain their current visitation schedule as follows: Alternating week-to-week basis beginning Saturdays at 5:00 p.m. through Saturdays at 5:00 pm. Arrangements for pick up and drop off of the minor child will be arranged by mutual agreement between the parties. This visitation schedule may also change upon mutual agreement of the parties.

4. The Interlocutory Judgment of Divorce does not provide any provisions governing holidays.

5. In 2013, the parties mutually agreed to modify the initial custody arrangement. Rosavelt would have primary physical custody of Minor Child from Mondays through Fridays and John would have weekend visitation while Minor Child attended school. During the summers, John would have custody during the weekdays and Rosavelt would have custody on weekends.

6. On December 14, 2018, the Court issued a Decision and Order which affirmed the custody changes which the parties had previously made through mutual agreement. The Court further ordered the parties to find a compromise regarding holiday visitation.

## ISSUES

1. Whether the parents should share holidays equally.

2. Whether Rosavelt may have additional time with Minor Child on non-school days.

3. Whether John should cooperate in the obtaining of a passport for Minor Child.

## PRINCIPLES OF LAW

The Court must establish a custody arrangement based on the best interests of the child. 19 G.C.A. § 8404 (a)(1). When determining what is within the child's best interests, the Court may consider a multitude of factors, including what is best for the child's moral, physical, mental, and spiritual well-being. *Id.* at (a)(5); *see also Howerton v. Howerton*, 2004 Guam 8 ¶ 25 (providing additional factors to weigh in a custody decision, like the child's age, habits, schooling, and extra-curricular activities, and the . . . parents' jobs and fitness). In addition to the best interests of the child, the Court must also consider the legislative preference for joint custody and the legislative policy that children should spend "as much time with each of their parents as possible when the parents are not living together." 19 G.C.A. § 8404(a)(8). "Title 19 of the Guam Code Annotated, read as a whole, reflects the legislature's underlying policy that whenever possible, the sanctity of family life should be preserved by the inclusion of both parents in the lives of their children." *Flores v. Cruz*, 1998 Guam 30 ¶ 11. In *Lanser v. Lanser* 2003 Guam 14, the Guam Supreme Court held that children are required to spend substantial time, but not necessarily equal time, with each parent in a joint physical custody arrangement. However, "[t]he holding of *Lanser* that equal time is not required under a joint custody plan does not affect the clear legislative policy that equal time is preferred," and equal time "should be granted to the greatest extent possible." *Howerton*, at ¶ 19. In order to deviate, the standard is clear: "A trial court may deviate from an equal time arrangement if it is within the child's best interests." *Id.* at ¶ 20.

## ANALYSIS

### a. *Holiday visitation*

Rosavelt moves the Court to modify the current custody arrangement so that the parties share holidays. John requests that the current arrangement remain. Currently, there is no specific

provision for holidays. Certain holidays occur during John's period of custody and others occur during Rosavelt's period of custody. John states that he simply celebrates holidays and other major events with Minor Child on the days that he has custody, even if such holidays do not occur during his custodial period. John argues that Rosavelt can do the same and that the current arrangement is fair.

In its previous Decision and Order, the Court ordered the parties to find a compromise regarding holiday visitation. The parties were unable to do so and the Court is now tasked with determining an adequate and just holiday schedule. The Court holds that the most equitable solution is for the parents to alternate physical custody on major holidays.

Thanksgiving holiday will be from the Wednesday preceding Thanksgiving at 6 pm until the Friday after Thanksgiving at noon. For the 2019 holiday, John will have custody during this time regardless of whether it falls within his normal period of custody. Rosavelt will have custody during this period in 2020, and the arrangement will continue to alternate on a yearly basis going forward.

Christmas holiday shall be from December 24 at noon until December 25 at noon. For the 2019 holiday, Rosavelt will have custody during this time regardless of whether it falls within her normal period of custody. Such arrangement will alternate on a yearly basis in the same manner as the Thanksgiving holiday.

The New Year's holiday shall be from December 31 at noon until January 1 at noon. For the 2019-2020 holiday, John will have custody during this time regardless of whether it falls within his normal period of custody, and this arrangement will alternate on a yearly basis moving forward.

Easter shall be from the day preceding Easter at 6 pm until Easter Day at 2 pm. Rosavelt will have custody for Easter in 2020 regardless of whether it falls within her normal period of custody, and the arrangement will alternate on a yearly basis moving forward.

The visitation period for Minor Child's birthday shall be from 6 pm on June 4 until 2 pm on June 5. In 2020, John will have custody during this time regardless of whether it falls within his normal period of custody, and this arrangement will alternate on a yearly basis moving forward.

The parents are ordered to cooperate with each other in order to effectuate this schedule of holiday visitation. The parents retain the right to modify the holiday schedule upon mutual agreement in the future.

b. *Modification of custody*

Further, Rosavelt asks the Court to modify the current arrangement so that she may have additional time with Minor Child on non-school days. Rosavelt has not proposed a specific custodial plan to replace the existing arrangement. John opposes any modification of custody, arguing that Rosavelt already has a greater period of custody.

Pursuant to the Court's last Decision and Order, Rosavelt currently has custody from Monday through Friday and John has visitation every weekend during the school year. During the summers, John has custody during the weekdays and Rosavelt has custody on weekends. The Court holds that this arrangement does not provide the parents with equal quality time to spend with Minor Child. While Rosavelt technically has a greater number of days with Minor Child, the majority of those days are weekdays during the school year. Not only is Minor Child at school for a large portion of those days, she will also be occupied by extracurricular activities and homework. Further, those days require Minor Child to go to bed earlier in order to get enough sleep for the upcoming school day.

For this reason, a more equitable arrangement would include Rosavelt having limited weekend time with Minor Child during the school year. Rosavelt is therefore to have physical custody on the second full weekend of every month while Minor Child is in school. To offset this additional time, John will have an extra day of weekend custody on the third full weekend of every month during the school year. On such weekends, John's physical custody will begin Thursday at 6 pm and conclude at the same time as other weekends.

c. *Minor child's passport*

Lastly, Rosavelt argues that John has objected to Minor Child obtaining a passport. John states that he is not opposed to Minor Child obtaining a passport, and will execute any and all documents necessary for Minor Child to obtain one. The Court will not reach a determination as to whether John has cooperated in the past, but hereby orders John to cooperate going forward in obtaining a passport for Minor Child.

## CONCLUSION AND ORDER

Based on the forgoing, Rosavelt's motion is DENIED IN PART and GRANTED IN PART.

SO ORDERED, this ___3___ day of _____Oct_____ 2019.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Sony Alcek,
A. Perez, Atts
Date 10/3/19 Time: 2:30 pm
DAVILYNN S. PEREZ
Deputy Clerk, Superior Court of Guam

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam